UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM BARBER,

    Petitioner,

-vs-                                                Case No. 8:12-cv-748-T-27TBM

SECRETARY,
DEPARTMENT OF CORRECTIONS.,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Respondent's Motion to Dismiss Petition as Time Barred Under 28 U.S.C. § 2244(d) (Dkt. 16) and Petitioner's opposition (Dkt. 17). Upon consideration, the motion is GRANTED.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state court conviction was affirmed on appeal on April 18, 2007. *Barber v. State*, 954 So.2d 32 (Fla. 2d DCA 2007). His conviction therefore became final 90 days later, on July 17, 2007, when the time for filing a petition for certiorari in the United States Supreme Court expired.

*Chavers v. Sec., Fla. Dept. of Corrs.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (judgment becomes "final" after expiration of 90 day period in which petition for writ of certiorari could have been filed).[1] Petitioner therefore had one year from July 17, 2007 within which to file a timely federal habeas petition under 28 U.S.C. § 2254. His federal petition was signed on April 5, 2012, more than four years after his conviction became final. Accordingly, unless the limitation period was tolled by a properly filed state court post conviction application or equitable tolling applies, his federal petition is time barred.

On January 22, 2008, 189 days after his conviction became final, Petitioner filed a Florida Rule 3.800(a) motion in which he challenged the calculation of jail time credit.[2] The motion was dismissed by the state trial court and the dismissal was affirmed on September 3, 2008. *Barber v. State*, 4 So.3d 1229 (Fla. 2d DCA 2008). Petitioner's motion for rehearing was denied and the appellate mandate issued on October 7, 2008. Petitioner contends that this motion tolled the limitation period. Respondent contends that the motion was not properly filed and therefore did not toll the running of the limitations period.

---

[1] The appellate mandate issued on May 9, 2007. The entry of judgment, rather than the issuance of the mandate, starts the running of the time to seek Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A). *Chavers*, 468 F.3d at 1275.

[2] Rule 3.800(a) provides:

(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, *or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief,* provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal. . . . All orders denying motions under this subdivision shall include a statement that the movant has the right to appeal within 30 days of rendition of the order.

2

According to Respondent, Petitioner's "3.800(a) petition was dismissed for failing to comply with the rules of state court; therefore, was not a 'properly filed' post-conviction claim under the Act." (Dkt. 16, p. 4). Respondent explains that "[t]he district court found, as did the trial judge, Barber had improperly filed his claim for additional jail credit and it was properly dismissed without prejudice to file a proper petition under Florida Rule of Criminal Procedure 3.850." (Id. at p. 2-3). A review of those decisions demonstrates that Respondent's contention is inaccurate.

The state trial court's order dismissing Petitioner's Rule 3.800(a) motion took no issue with the form, delivery or manner in which the motion was filed. Indeed, in response to Petitioner's contentions, the state court calculated the jail time for which Petitioner received credit, attaching docket sheets reflecting his time in jail (Dkt. 18, Exhibit B). That court found that the record did not support Petitioner's claim and directed him to "provide the Court with documentation that supports his claim for jail credit . . . ," citing *Bain v. State*, 784 So. 2d 1168 (Fla 2d DCA 2001). The appellate court affirmed without opinion, citing *Ericson v. State*, 932 So.2d 311 (Fla. 2d DCA 2006). *Barber v. State, supra*; Dkt. 18, Exhibit C).

In *Ericson*, the court reasoned that when a Rule 3.800(a) motion seeking jail credit "requires factual determinations that are not apparent from the face of the record," the claim "may not be raised by a rule 3.800(a) motion" but must be raised under Florida Rule of Criminal Procedure 3.850. This reasoning followed the plain language of Rule 3.800(a): "A court may at any time correct an illegal sentence imposed by it . . . or a sentence that does not grant proper credit for time served *when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. . .*" (emphasis added).

It is apparent from the state court orders that Petitioner's motion was dismissed because it was not meritorious, rather than because of filing deficiencies. The motion was dismissed because

3

the existing records "on their face" did not support his claim and therefore did not meet the threshold requirement of Rule 3.800(a). That was a determination on the merits, rather than a determination that the motion was not "properly filed," as that term is defined by the Supreme Court. *Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("But in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.").

For purposes of tolling, an application is "properly filed" under § 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz*, 531 U.S. at 8. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id*. These "laws and rules" prescribe "'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'" *Delancy v. Florida Dept. of Corrections*, 246 F.3d 1328, 1330 (11th Cir. 2001) (quoting *Artuz*, 531 U.S. at 9). The question therefore is whether Petitioner's Rule 3.800(a) motion, which was filed under the wrong procedural rule, complied with Florida's laws and rules governing filings.

Respondent points to nothing improper or deficient in the form of Petitioner's Rule 3.800(a) motion, its timeliness, its delivery to and acceptance by the state court, or any other filing requirements prescribed by Florida law and procedure. Rather, Respondent urges that because the motion was filed under the wrong procedural rule, it was not "properly filed." Respondent's contention necessarily requires the Court to look beyond the face of Petitioner's Rule 3.800(a) motion in determining whether it was "properly filed," contrary to *Delancy*:

> We find that under *Artuz* the district court erred in looking beyond the face of Delancy's Rule 3.800 motion to consider the individual claims (i.e., whether they are challenges to consecutive sentences or to illegal sentences) in determining whether

that motion was "properly filed" under § 2244(d)(2).

246 F.3d at 1330-31.

This Court concludes that Petitioner's Rule 3.800(a) motion was "properly filed" because on its face, it met state procedural and filing requirements. *Delancy v. Fla. Dept. of Corrs.*, 246 F.3d at 1330 (Rule 3.800(a) motion properly filed, notwithstanding that it was "dismissed because it was brought pursuant to the wrong statutory vehicle, that is, a Rule 3.800 motion rather than a Rule 3.850 motion").

Having determined that Petitioner's Rule 3.800(a) motion was "properly filed," the only remaining question is whether the motion constituted an application for "collateral review." When a post conviction motion requires a review of the judgment "outside of the direct review process," the motion is considered an application for collateral review. *Wall v. Kholi*, 131 S.Ct. 1278, 1285 (2011) ("Viewed as a whole, then, 'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."). For example, "collateral review" includes motions to reduce sentences. *Id.* at 1287.[3]

In Florida, motions seeking credit for time served in jail are properly filed under Rule 3.800(a). *State v. Mancino,* 714 So.2d 429 (Fla. 1998). Motions filed under Rule 3.800(a) which

---

[3] Precedent in this Circuit recognizes that even a properly filed Rule 3.800(c) motion does not toll the limitations period if the motion does not challenge the legality of a sentence (i.e. it does not constitute an "application for State post-conviction or other collateral review"). *See Stites v. Sec., Dept. of Corrs.*, 278 Fed. Appx. 933, 935 n.5 (11th Cir. 2008)(citing *Alexander v. Sec., Dept. of Corrs.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (Rule 3.800(c) motion which sought mitigated sentence did not constitute a tolling motion under § 2244(d)(2)). There is a distinction, however, between the relief sought in a Rule 3.800(a) motion and one filed pursuant to Rule 3.800(c).

A Florida Rule 3.800(c) motion "requests only pleas for mercy" and does not constitute an application for collateral review under § 2244(d)(2). *Baker v. McNeil*, 439 Fed.Appx. 786, 789 (11th Cir. 2011), *cert. denied,* 132 S.Ct. 1633 (2012). A Rule 3.800(a) motion raises a legal challenge to a sentence. *Alexander v. Sec., Dept. of Corrs.*, 523 F.3d at 1295 ("Rules 3.800(a) and 3.850 thus explicitly provide a procedure for raising a legal challenge to a sentence. On the other hand, Rule 3.800(c) assumes that the sentence sought to be modified or reduced is legal and functions effectively as a procedure for a petitioner to request leniency from the sentencing court based on mitigating circumstances").

challenge the amount of jail time credit are considered an attack on the legality of the sentence under Rule 3.800(a), since a defendant is entitled to credit for time served in jail as a matter of law, and a sentence which does not correctly credit a defendant for time spent in jail constitutes a sentence in need of correction by way of collateral attack. *See Martinez v. Crosby*, 2005 WL 3133471, 3 (M.D. Fla. Nov. 23, 2005). Such a motion necessarily requires a review of the sentence outside the direct appeal context and therefore constitutes an application for collateral review. *Ford v. Moore*, 296 F.3d 1035 (11th Cir. 2002). As such, the filing of such a motion tolls the AEDPA limitations period. *Id*.

Notwithstanding the tolling of the AEDPA limitations period by the pendency of Petitioner's Rule 3.800(a) motion, his federal habeas petition is nonetheless time barred, as demonstrated by a timeline of Petitioner's state court procedural history:

July 17, 2007:      conviction became final, AEDPA limitations period begins to run

**189 days**

January 22, 2008:  Rule 3.800(a) motion filed, tolling AEDPA limitations period

October 7, 2008:   mandate issues on appeal of denial of Rule 3.800(a) motion

October 8, 2008:   limitations period begins to run again

**187 days**

April 13, 2009:    Petitioner files Florida Rule 3.850 motion

April 5, 2012:     Petitioner signs federal habeas petition

In summary, after Petitioner's conviction became final, 189 days passed before he filed his Rule 3.800(a) motion which tolled the AEDPA limitations period. After that motion had run its course, the AEDPA clock began to run and another 187 days passed before Petitioner filed his Rule 3.850 post conviction motion. However, the AEDPA one year limitations period had already

expired, since a total of 376 days had passed when that motion was filed. The filing of that motion had no impact on the AEDPA limitations period, since the limitations period had expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court application filed after § 2244(d) limitations period has run has no tolling effect).

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Although Petitioner does not concede that his petition is untimely, he argues that his petition should not be time-barred because he is entitled to equitable tolling. Equitable tolling only applies, however, where the litigant satisfies his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence).

Petitioner offers nothing to support his contention that equitable tolling applies. While he mentions a premature appeal of the denial of his Rule 3.800(a) motion, that is of no moment because the filing of that motion tolled the limitations period until the appellate mandate issued. And as noted, the AEDPA one year limitations period expired before he filed his Rule 3.850 motion. He offers no explanation for why he could not have filed that motion before the AEDPA limitations period expired.

### Certificate of Appealability

Anticipating a dismissal of his habeas petition as time barred, Petitioner filed a preemptive motion seeking a Certificate of Appealability (Dkt. 23). Petitioner is not entitled to a certificate of

7

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this 9th day of August, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
*Pro Se* Petitioner
Counsel of Record